UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
R.R.M.C.,

                Petitioner,       22 Civ. 2952 (LGS)

    -against-                     ORDER

THOMAS DECKER, ET AL.,

                Respondents.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS on April 8, 2022, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was filed;

    WHEREAS on April 8, 2022, Petitioner filed a motion for leave to file medical records under seal and to proceed using only Petitioner's initials (Dkt. No. 4);

    WHEREAS on April 14, 2022, Petitioner filed a letter jointly proposing a briefing schedule and requesting oral argument (Dkt. No. 7). It is hereby

    **ORDERED** that the Government shall, by **May 9, 2022**, file its memorandum in opposition to the Petition. The memorandum shall not exceed fifteen pages. Petitioner shall, by **May 19, 2022**, file a reply memorandum, which shall not exceed ten pages. The memoranda and other materials shall otherwise comply with the Court's Individual Rules. It is further

    **ORDERED** that Petitioner's request for oral argument is DENIED. It is further

    **ORDERED** that Petitioner's motion to proceed using only initials is GRANTED. Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008); *accord Doe v. Freydin*, No. 21 Civ. 8371, 2021 WL

4991731, at *1 (S.D.N.Y. Oct. 27, 2021).  Nonetheless, courts may grant an exception to this rule when a party's "interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant."  *Sealed Plaintiff*, 537 F.3d at 189; *accord Doe*, 2021 WL 4991731, at *1.  The Second Circuit has identified a non-exhaustive list of ten factors district courts should weigh when considering a request to proceed anonymously.  *See Sealed Plaintiff*, 537 F.3d at 189-90.  "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion."  *Id.* at 191 n.4.  The factors the Second Circuit articulated and the circumstances of this case weigh in favor of permitting Petitioner's request at this stage of the litigation.  Weighing in favor of granting the motion are the following factors: (1) this case involves matters that are highly sensitive; (2) there is a risk of retaliatory harm to Petitioner and to innocent non-parties if Petitioner does not proceed anonymously; (3) Petitioner is particularly vulnerable to the possible harms of disclosure, in light of Petitioner's immigration status and family circumstances; (4) the suit is challenging the actions of the government, not of private parties; (5) Respondents have not articulated any prejudice, and they are not prejudiced at this stage because they know Petitioner's identity and are not impeded in presenting a defense; (6) Petitioner's counsel have sought to keep Petitioner's identity confidential in immigration proceedings; (7) there is limited public interest in knowing Petitioner's identity at this stage of proceedings; (8) there are not likely alternative methods of protecting Petitioner's identity.  It is further

    **ORDERED** that Petitioner's motion to file medical records under seal is GRANTED.  Petitioner shall file Exhibits L and M to the Petition under seal by **April 19, 2022**, and the Clerk of Court is respectfully directed to maintain those docket entries under seal.  A three-part inquiry

determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Saadeh v. Kagan*, No. 20 Civ. 1945, 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency and the privacy interests of those resisting disclosure." *Id*. at 120 (internal quotation marks omitted). In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. Even assuming the presumption of public access applies, because the records at issue are referenced briefly in the Petition (as Exhibits L and M thereto), the presumption is relatively weak at this stage, because it appears unlikely that the precise details of Petitioner's medical condition will be central to the Court's reasoning in adjudicating Petitioner's claims. The relatively weak presumption of public access is overcome here by the "competing considerations" of the strong privacy interest in the confidentiality of Petitioner's medical records. Sealing Petitioner's medical records is necessary to preserve the privacy of Petitioner's sensitive, personal medical information, and it is narrowly tailored to that end because only the

records themselves will be sealed at this stage, not references thereto in the Petition. *See Braxton v. City of New York*, No. 17 Civ. 199, 2021 WL 7287625, at *6 (S.D.N.Y. Dec. 7, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information.").

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 4.

Dated: April 18, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE