UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.R.M.C., *Petitioner*, v. THOMAS DECKER, *et al.*, *Respondents*. | No. 22-cv-02952 (LGS) <br><br> **STIPULATION AND ORDER** |

WHEREAS, petitioner R.R.M.C., a noncitizen in removal proceedings, brought this habeas action under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking an order from this Court requiring that he be released on his own recognizance or on reasonable conditions of supervision unless he is given a new bond hearing with certain criteria;

WHEREAS, R.R.M.C. has been detained by ICE since August 3, 2021, pursuant to section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a);

WHEREAS, on October 4, 2021, R.R.M.C. received a bond hearing before an immigration judge under 8 U.S.C. § 1226(a)—at which R.R.M.C. bore the burden of demonstrating that he did not pose a danger to the community or present a flight risk—and at the conclusion of the hearing, the immigration judge denied R.R.M.C.'s request for release;

WHEREAS, on April 13, 2022, the Board of Immigration Appeals ("BIA") dismissed R.R.M.C.'s appeal of the immigration judge's bond decision;

WHEREAS, while an immigration judge has denied R.R.M.C.'s applications for relief and ordered him removed, his removal proceedings remain ongoing with a pending appeal at the BIA;

WHEREAS, on April 8, 2022, R.R.M.C. filed this proceeding seeking an order from the Court requiring his release unless he is given a new bond hearing with certain criteria, arguing, *inter alia*, that his detention violates due process because he has not been provided a bond hearing at which the government bears the burden by clear and convincing evidence of demonstrating that he presents a danger to the community or a flight risk and at which the immigration judge considers ability to pay and alternatives to detention, and, even if his original bond hearing was adequate, he is entitled to a new bond hearing under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020);

WHEREAS, based on the specific facts and circumstances of this case, and without conceding the merits of the case, and without waiver or prejudice to the government's ability to defend its detention authority in other similar or dissimilar cases, and in the interests of preserving party and judicial resources and expediting the resolution of this case, the government has agreed to provide R.R.M.C. with a new bond hearing; therefore,

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorneys' fees to either party.

2. The government shall, no later than 21 days after the date of entry of the Court's so-ordering of this stipulation on the docket, provide R.R.M.C. with an individualized bond hearing before an impartial immigration judge on a date when R.R.M.C.'s expert witnesses are available to testify per confirmation from R.R.M.C.'s counsel. At that hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that R.R.M.C. poses a danger to the community or presents a flight risk that cannot be mitigated by reasonable conditions of supervision or monetary bond. The immigration judge must consider alternative conditions of release with respect to both

dangerousness and risk of flight. If the immigration judge sets a monetary bond, the immigration judge must consider R.R.M.C.'s ability to pay in determining the appropriate bond amount.

3. This Court shall retain jurisdiction to enforce compliance with this stipulation and order.

4. The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation and order shall be construed as a concession of any rights or arguments by the government; nor shall it be construed to require the government to provide additional bond hearings to any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

New York, New York
May 6, 2022

THE LEGAL AID SOCIETY
*Attorney for Petitioner*

_____
Amy Pont, Esq.
199 Water Street, 3rd Floor
New York, New York 10038
Tel: (212) 298-3144

New York, New York
May 6, 2022

DAMIAN WILLIAMS
United States Attorney for the Southern District of New York
*Attorney for Respondents*

_____
Carly Weinreb, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2769

SO ORDERED:

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Dated: May 9, 2022
New York, New York